PER CURIAM.
George W. Wilder, a member of The Florida Bar, seeks review of the findings of the referee and his recommended discipline in this grievance proceeding.* Wilder ar *224 gues that the findings are contrary to the weight of the evidence and that the recommended penalties are too harsh.
In making his findings the referee obviously disbelieved Wilder’s explanation and versions of the events. We discern no basis to find that he erred in so doing. Based on the entire record the findings of fact appear reasonable, and we accept both those findings and the referee’s recommendation that Wilder be found guilty of the violation set forth in the report.
We also approve the recommended punishment. Wilder’s transgressions were substantially more than mere neglect of duty. Direct misrepresentations were made to the client. A lawyer has the absolute responsibility of being truthful, candid, and aboveboard with his client. A failure in this regard should result in a heavy penalty to assure that other lawyers will be deterred from similar conduct and to protect the clients of lawyers.
We adjudge George W. Wilder to be guilty of violating rules 4-1.3 and 4-8.4(c), Rules Regulating the Florida Bar, and disciplinary rule 6-101(A)(3) of the former Code of Professional Responsibility. As penalty therefor he is hereby suspended as a member of The Florida Bar and prohibited from practicing law in Florida for a period of 180 days and thereafter until he has demonstrated a fitness to be reinstated. This suspension will be effective on June 26, 1989, thereby giving Wilder thirty days to close out his practice and protect his clients’ interest. He shall accept no new business from the date this opinion is filed. As a condition of reinstatement, George Wilder shall reimburse Leonardo Bustamante the sum of $375.00; Randall Christopher, $940.00; and The Florida Bar its costs of $1,296.37. Judgment for these costs of $1,296.37 is hereby entered, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.

The referee’s findings and recommendations are:

FINDINGS OF FACT AS TO EACH ITEM OF MISCONDUCT OF WHICH THE RESPONDENT IS CHARGED:

I find as follows:
A. Respondent is and at all times hereinafter mentioned, was, a member of The Florida Bar subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
B. In or about October, 1986, respondent was retained by Leonardo Bustamante and Eugenia Ponce (hereinafter called "clients”) to institute litigation against the clients' ex-employer to recover wages due and owing to the clients.
C. Upon retaining respondent the clients paid to him the sum of $375.00.
D. Respondent thereafter failed and neglected to pursue the clients’ claim or to refund to the clients the sum of $375.00 received by him from the clients, as aforesaid.
E. In or about April, 1987, upon inquiry by the clients regarding the status of their case, respondent represented to the clients that the action had been duly filed with the Clerk of the County Court, Palm Beach County, together with payment of the statutory fee and that arrangements had been made for a copy of the papers so filed, with the appropriate fee, to be delivered to the Sheriff of Palm Beach County for service upon the defendants.
F. In fact, no papers were ever filed in the subject action and no copy thereof was ever delivered to or received by the Sheriff of Palm Beach County.
G. Heretofore and sometime in the Spring or early Summer of 1982 respondent was retained by one Randall Christopher to institute an action to recover damages for personal injuries and property damage sustained by Christopher as a result of an automobile accident which occurred on April 10, 1982.
H.After instituting an action respondent failed and neglected to pursue the action and permitted the same to be dismissed, with prejudice, without conferring with Christopher.
III. RECOMMENDATIONS AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY:
I make the following recommendations with respect to the violations charged by the bar:
A. By failing to pursue the claims of his clients, Leonardo Bustamante and Eugenia Ponce, respondent violated Rule 4-1.3, Rules of Professional Conduct which provides that a lawyer shall act with reasonable diligence and promptness in representing a client.
B. By representing to his clients, Leonardo Bustamante and Eugenia Ponce, that papers had been filed with the court clerk and arrangements had been made to deliver papers to the sheriff for service when, in fact, no filing or arrangements had been made, respondent violated Rule 4-8.4(c), Rules of Professional Conduct, which provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation.
C. By failing to pursue Randall Christopher’s action and permitting the same to be dismissed, with prejudice, respondent violated Disciplinary Rule 6-101(A)(3) of the Code of Professional Responsibility which provides that an attorney shall not neglect a legal matter entrusted to him.
IV. RECOMMENDATIONS AS TO DISCIPLINARY MEASURES TO BE APPLIED:
I recommend as discipline for the violations hereinabove enumerated that respondent be *224 suspended for a period of one hundred eighty (180) days. In addition, I recommend that within thirty (30) days of the court's final order herein respondent refund to his clients, Leonardo Bustamante and Eugenia Ponce, the $375.00 legal fee respondent received from such clients and that within the same time period respondent pay to his client, Randall Christopher, the sum of $940.00 representing the sum Mr. Christopher had in hand, but lost, due to respondent's neglect.
I have predicated my recommendation of a one hundred eighty (180) day suspension upon findings of aggravating circumstances as enumerated in Florida’s Standards for Imposing Lawyer Sanctions including the submission by respondent of false statements during the disciplinary process (Rule 9.22(f)) and respondent’s refusal to acknowledge the wrongful nature of his conduct (Rule 9.22(g)). These aggravating circumstances arose in connection with respondent’s insistence, testified to by him under oath, that he filed certain pleadings in connection with the Bus-tamante/Ponce representation despite the fact that he had no filing receipt, the recording office had no evidence of any such filing and the file number allegedly secured by respondent in a thirty (30) second telephone call with a recording office clerk did not, in fact, exist. I regard respondent's story as a contrived tale running afoul of Rule 9.22(f) and his refusal to recant therefrom when offered an opportunity to do so, as constituting the circumstances described in Rule 9.22(g).
In the event that the court should determine that there are insufficient bases for finding such aggravating circumstances, then, in that event, I recommend that respondent be suspended for a period of ninety-one (91) days plus make the restitution as hereinabove recommended.